UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO ABRAN DELGADO-RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>Defendants. | Case No. 26-cv-01612-RFL<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

Plaintiff Orlando Abran Delgado-Ruiz originally brought this action against Defendants United Parcel Service, Inc., Edgar Barrientos, Steven Connell, and Elie Rizkallah in state court, alleging that while he was employed at UPS, he was mistreated because of his age and retaliated against for reporting such acts. (Dkt. No. 3, Ex. 1 ("Compl.").) UPS removed the case on the basis of diversity jurisdiction, arguing that Barrientos, Connell, and Rizkallah's California citizenship should be disregarded because they are sham defendants. (Dkt. No. 1.) Delgado-Ruiz moves to remand the case to state court. (Dkt. No. 15.) For the reasons that follow, the motion is **GRANTED**. This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.

The motion to remand is granted because UPS has failed to satisfy its burden of demonstrating that Delgado-Ruiz would be unable to establish a cause of action against Rizkallah in state court. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Specifically, UPS has not shown that Delgado-Ruiz could not possibly establish his harassment claim against Rizkallah in state court. The complaint alleges that Rizkallah would use profanity and verbally attack Delgado-Ruiz on an "almost daily basis" while following him around during his shift. (Compl. ¶ 14(d).) Though Rizkallah is a union shop

1

steward who is responsible for monitoring employees to ensure that union work is performed only by union employees[1] (Dkt. No. 18 at 14 (citing Dkt. No. 18-2 at 21)),[2] the complaint's allegations describe behavior that a state court could conclude goes beyond monitoring employees for CBA compliance or delivering performance feedback.  *See Golden v. Microsoft Corp.*, 727 F. Supp. 3d 867, 873 (N.D. Cal. 2024); *see also Wu v. Shopify (USA) Inc.*, No. 25-cv-05960-RFL, 2025 WL 2837766, at *2 (N.D. Cal. Oct. 7, 2025) (finding defendants were fraudulently joined where there were no allegations that they engaged in any conduct remotely resembling harassment).  Furthermore, although the complaint's allegations are insufficient to plausibly suggest that Rizkallah treated Delgado-Ruiz poorly due to his age (*see* Dkt. No. 18 at 14), Delgado-Ruiz alleges generally that he was being "singled out" for negative treatment (Compl. ¶¶ 14(j), (l)).  This suggests that Delgado-Ruiz could amend his complaint to allege that other similarly situated younger employees did not endure this treatment from Rizkallah.  *See Brown v. Beazley USA Servs., Inc.*, No. 24-cv-09035-SI, 2025 WL 436716, at *4 (N.D. Cal. Feb. 7, 2025).  Accordingly, UPS has failed to demonstrate that Rizkallah was fraudulently joined, and therefore, Rizkallah's California citizenship cannot be disregarded for purposes of diversity jurisdiction.  *See Grancare, LLC*, 889 F.3d at 552.

For the foregoing reasons, the motion to remand is granted, and the case is **REMANDED** to the Superior Court for the County of Alameda.

**IT IS SO ORDERED.**

Dated: May 15, 2026

RITA F. LIN
United States District Judge

---

[1] UPS's request that the Court take judicial notice of the National Master United Parcel Service Agreement ("CBA") between UPS and the Teamsters Union (Dkt. No. 18-1), which has been authenticated by the Declaration of Juan Amador (Dkt. No. 22), is **GRANTED**.
[2] All references to page numbers for filings on the docket refer to ECF pagination.